# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:15cv608-FDW

| | | |
|---|---|---|
| **MAURICE L. STROUD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FRANK L. PERRY[1],** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner Maurice L. Stroud's pro se Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 4.) Also before the Court is Petitioner's motion to proceed in forma pauperis. (Doc. No. 3.)

## I. BACKGROUND

On September 16, 2004, Petitioner pled guilty in Mecklenburg County Superior Court to second degree murder, second degree kidnapping of a minor, and robbery with a dangerous weapon. (Am. Pet. 1, Doc. No. 4.) Petitioner was sentenced pursuant to his plea agreement to consecutive sentences of 251 to 311 months for second degree murder, 133 to 169 months for second degree kidnapping, and 117 months to 150 months for robbery with a dangerous weapon. (State's Resp. to July 14, 2015 Cert. Pet. 1, State v. Stroud, No. P15-387 (N.C. Ct. App. filed July 27, 2015) available at North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://ncappellatecourts.org/.)

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Frank L. Perry, Secretary of the Department of Public Safety, has been substituted for Albermarle Correctional as Respondent in this action.

Petitioner did not file a direct appeal. (Am. Pet., supra, at 2.) On February 5, 2007, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court. It was denied on May 24, 2007. (State's Resp. to July 14, 2015 Cert. Pet., supra.)

On August 20, 2008, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR. It was denied on August 29, 2008. On May 19, 2015, Petitioner filed another petition for writ of certiorari in the North Carolina Court of Appeals, which was dismissed on May 28, 2015. On July 14, 2015, Petitioner filed a third certiorari petition with the North Carolina Court of Appeals. (State's Resp. to July 14, 2015 Cert. Pet., supra, at 2.) Petitioner indicates this certiorari petition also was denied, but he does not provide a date.

Petitioner's federal habeas Petition was docketed in this Court on December 11, 2015.[2] He subsequently filed a motion to proceed in forma pauperis (Doc. No. 3) and an amended Petition (Doc. No. 4).

## II.      STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). The limitations period

---

[2] Petitioner signed, but did not date his habeas Petition. (Pet. 17, Doc. No. 1.)

runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in this case on or about September 16, 2004. To the extent that Petitioner retained the right to appeal his guilty pleas, he had fourteen (14) days to file a direct appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his convictions became final on or about September 30, 2004, when the time for seeking direct review expired. See § 2244(d)(1)(A). The federal statute of limitations then proceeded to run for 365 days until it fully expired on or about September 30, 2005, more than ten years before Petitioner filed the instant habeas petition. See id.

Petitioner's February 5, 2007 MAR and subsequent petitions for writ of certiorari in the North Carolina Court of Appeals neither resurrected nor restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000). Thus, Petitioner's habeas petition is time-barred and must be dismissed unless he can demonstrate that he is entitled to equitable tolling of the statute of limitations. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).") Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v.

---

[3] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which appies here.

Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Petitioner provides the following reasons why the statute of limitations should be equitably tolled in this case:  1) he has Post-Traumatic Stress Disorder ("PTSD") for which he is not receiving medication; 2) he has a sixth-grade education; 3) he has received no help from Prisoner Legal Services; 4) he does not have an attorney; and 5) he was unaware of the federal statute of limitations.  (Pet. 15, Doc. No. 1.)  Taken separately or together, these types of obstacles do not qualify as "extraordinary."  See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that unfamiliarity with the legal process and lack of legal representation do not constitute grounds for equitable tolling) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")).  Moreover, Petitioner has not explained how his untreated PTSD prevented him from filing an MAR prior to 2007 or a federal habeas petition in the first eleven years after he was convicted.

In short, the record shows no extraordinary circumstance or reasonable diligence on the part of Petitioner in pursuing his rights in state or federal court.  As such, he is not entitled to equitable tolling, and his petition will be dismissed as untimely.[4]

---

[4] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it.  Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue in his § 2254 petition.  (Pet. 17, Doc No. 1.)

Petitioner also is seeking permission to proceed with his Petition in forma pauperis. (Doc. No. 3.)  Federal law requires that a prisoner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave by the court to proceed without prepayment of fees and costs.  The prisoner must provide the court with an affidavit of indigency, and "a certified copy of [his prison] trust fund account statement (or the institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).

Petitioner's form affidavit indicates he is employed at the prison and earns about eight (8) dollars a month in wages.  (Doc. No. 3.)  Petitioner's trust fund account statement shows that he owes hundreds of dollars in court fees and for medical calls at the prison.  (Doc. No. 5.)  The Court finds that Petitioner had insufficient funds from which to pay the $5.00 filing fee. Therefore, his application to proceed in forma pauperis shall be granted.

IV.    **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1)  Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No 4) is

**DISMISSED** as untimely;

2)  Petitioner's motion to proceed in forma pauperis (Doc. No. 3) is **GRANTED**; and

3)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines

to issue a certificate of appealability as Petitioner has not made a substantial showing of a

denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S.

322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when

relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 25, 2016

Frank D. Whitney
Chief United States District Judge